UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMELIA HERNANDEZ, EDITH HERNANDEZ
ROJAS, JUAN EDUARDO HERNANDEZ,
individually and on behalf of other persons similarly
situated who were employed by ENJOY FOOD
CORP. d/b/a C-TOWN, IMMORTAL RISE, INC.
d/b/a C-TOWN and AHMAD SALEH or any other
entities affiliated with or controlled by ENJOY FOOD
CORP., IMMORTAL RISE, INC. and/or AHMAD
SALEH,

                Plaintiffs,

      - against -

IMMORTAL RISE, INC. d/b/a C-TOWN, AHMAD
SALEH and or any other entities affiliated with or
controlled by IMMORTAL RISE, INC. and/or
AHMAD SALEH,

                Defendants.
------------------------------------------------------------------X

**ORDER**
11-CV-4360(RRM) (LB)

MAUSKOPF, United States District Judge.

By Motion filed August 14, 2012, plaintiffs moved to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA"). By Order entered August 16, 2012, this Court referred that motion to the assigned Magistrate Judge, the Honorable Lois Bloom. On September 24, 2012, Judge Bloom issued a Memorandum and Order ("M&O") granting plaintiffs' motion to conditionally certify the class.[1] On October 2, 2012, Judge Bloom granted a stay of her Order pending defendants' objections to this Court to set aside the M&O. The factual and procedural background of this case are fully and correctly set out in Judge Bloom's M&O, familiarity with which is presumed. *See Hernandez v. Immortal Rise, Inc.*, No. 11-cv-

---

[1] Judge Bloom issued a Memorandum and Order rather than a Report and Recommendation because a magistrate judge may order conditional certification and class notice under the FLSA. *See Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 265–66 (E.D.N.Y. 2005).

4360, 2012 U.S. Dist. LEXIS 136556, at *1–9 (E.D.N.Y. Sept. 24, 2012).  For the reasons set forth herein, defendants' request to set aside the M&O is denied.

### I. Standard of Review

A magistrate judge has the authority to rule on non-dispositive issues.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A magistrate judge can therefore approve a collective action under the FLSA, because a motion to approve a collective action "is only a preliminary determination and is not dispositive."  *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383 (E.D.N.Y. 2010) (internal brackets omitted).  This court reviews a magistrate judge's decision regarding a non-dispositive pretrial matter under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  An order is clearly erroneous only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed; an order is contrary to law when it "fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."  *E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320–21 (S.D.N.Y. 2001)).  This standard is "highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion."  *Summa*, 715 F. Supp. 2d at 383 (quoting *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002)) (internal quotation marks omitted).

### II. The Memorandum and Order Granting Conditional Certification was not Clearly Erroneous or Contrary to Law

Defendants challenge three aspects of Judge Bloom's Order.  First, they claim that Judge Bloom erred in finding that other employees are "similarly situated" to plaintiffs sufficient to maintain a collective action for FLSA purposes.  Second, defendants challenge the scope of any collective action, arguing that the class should be limited to cashiers and employees who have

not signed arbitration agreements.  Finally, defendants assert that the proposed collective action notice should not reference employees' rights under New York Labor Law.  All of defendants' claims are without merit.

First, each of these arguments were raised before Judge Bloom and rejected.  In fact, it appears that the bulk of defendants' arguments before this Court were copied and pasted verbatim from their filings submitted to Judge Bloom, and defendants seek merely a second bite at the same apple.

On the merits, Judge Bloom's rulings were neither clearly erroneous nor contrary to law.  First, when determining whether to conditionally certify a collective action under the FLSA, the court asks whether plaintiffs have made "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Summa*, 715 F. Supp. 2d at 385 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  This is a "fairly lenient standard" that typically results in certification of the conditional class.  *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007).  Plaintiffs' declarations alleging a common scheme to deny overtime and time-and-a-half pay to plaintiffs and other employees, based upon personal knowledge and conversations with other co-workers, clearly satisfy this standard.  *See Sipas v. Sammy's Fishbox, Inc.*, No. 05-cv-10319, 2006 U.S. Dist. LEXIS 24318, at *8–9 (S.D.N.Y. Apr. 24, 2006).

Next, defendants argue that the proposed class should be limited to cashiers and those who had not signed arbitration agreements, excluding grocery packers and delivery workers, whom defendants never employed, and employees subject to arbitration agreements.  However, these are issues of fact that should be determined during discovery rather than at this preliminary stage.  *See D'Antuono v. C&G of Groton, Inc.*, No. 11-cv-33, 2011 U.S. Dist. LEXIS 135402, at

*12–13 (D. Conn. Nov. 23, 2011) (holding that the enforceability of arbitration agreements should not be determined during conditional class certification); *Lujan v. Cabana Mgmt.*, No. 10-cv-755, 2011 U.S. Dist. LEXIS 9542, at *23–24 (E.D.N.Y. Feb. 1, 2011) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 307 (S.D.N.Y. 1998)) (holding that defendants' contention that its restaurants constituted separate entities raised a contested issue of fact, and was therefore not a basis for denying conditional class certification). Thus, Judge Bloom correctly found that the proposed class should not be limited as defendants propose.

Finally, there is no *per se* rule against including state-law claims in the notice, and other courts in this circuit have included the state-law claims in the notice. *Guzman v. VLM, Inc.*, No. 07-cv-1126, 2007 U.S. Dist. LEXIS 75817, at *21–22 (E.D.N.Y. Oct. 11, 2007).

### III. Conclusion

Based upon a review of Judge Bloom's M&O, the factual and procedural record upon which is based, and defendants' objections on appeal, the Court determines that the M&O is not clearly erroneous or contrary to law and rejects defendants' objections thereto. Accordingly, defendants' motion to set aside the M&O (Doc. No. 40) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
December 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge