UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

AMELIA HERNANDEZ,
EDITH HERNANDEZ ROJAS,
JUAN EDUARDO HERNANDEZ,
individually and on behalf of other persons
similarly situated who were employed by
ENJOY FOOD CORP. d/b/a C-TOWN,
IMMORTAL RISE, INC. d/b/a C-TOWN and
AHMAD SALEH or any other entities affiliated
with or controlled by ENJOY FOOD CORP.,
IMMORTAL RISE, INC. and/or
AHMAD SALEH

                Plaintiffs,                **REPORT & RECOMMENDATION**
   - against -                             **11 CV 4360 (RRM)(LB)**

IMMORTAL RISE, INC. d/b/a C-TOWN,
AHMAD SALEH and or any other entities
affiliated with or controlled by IMMORTAL
RISE, INC. and/or AHMAD SALEH,

               Defendants.

----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiffs move to amend the complaint in this Fair Labor Standards Act ("FLSA") action

for a second time to add two new defendants, Iyad Saleh and Mercury Delivery Services.  For

the reasons set forth below, it is respectfully recommended that plaintiffs' motion to amend

should be granted in part and denied in part.

## BACKGROUND

      Plaintiffs commenced this action on September 9, 2011 against Enjoy Food Corp. doing

business as C-Town[1] and Maxwell Bristol.  (Docket entry 1.)  On January 16, 2012, plaintiffs

amended the complaint, adding defendants Ahmad Saleh and Immortal Rise, Inc. doing business

---

[1] Plaintiffs voluntarily dismissed their claims against Enjoy Food Corp. doing business as C-Town on May 21, 2012.
(Docket entries 22-23.)

as C-Town, ("C-Town") and removing defendant Bristol.  (Docket entry 12, Am. Compl.)
Plaintiffs allege that C-Town and Ahmad Saleh failed to pay them the statutory minimum wage,
overtime compensation, and "spread of hours" wages in violation of the FLSA and New York
labor law.  (Am. Compl. ¶ 25.)

On May 31, 2012, the Court adopted the parties' proposed scheduling order (docket entry
21) which states in pertinent part: "No additional parties may be joined after August 16, 2012,
without leave of the Court," and "All Rule 23 pre-class certification fact discovery shall be
completed on or before October 16, 2012."  At the parties' request (docket entries 39, 44, 45),
the Court extended the agreed upon discovery deadline three times until January 29, 2013.

On January 9, 2013, plaintiffs filed a pre-motion conference request, seeking leave to
amend the complaint to add two new defendants: Mercury Delivery Services, Inc. ("Mercury")
and Iyad "William" Saleh ("Iyad").[2]  (Docket entry 48.)  Defendants opposed the request (docket
entry 49) and plaintiffs replied (docket entry 50).  On January 14, 2013, the Honorable Roslynn
R. Mauskopf referred plaintiffs' request to me; and on January 15, 2013, I set a briefing
scheduling for plaintiffs' motion.  Plaintiffs now move to amend the complaint (docket entries
52-53), and defendants oppose the motion (docket entries 54-55).

## DISCUSSION

### I.   GOOD CAUSE UNDER FED. R. CIV. P. 16

Plaintiffs' instant motion is governed by Rule 16 of the Federal Rules of Civil Procedure.
"Where, as here, a scheduling order governs amendments to the complaint, 'the lenient standard
under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against
the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except

---

[2] Iyad Saleh is defendant Ahmad Saleh's son; they each own a half share of Immortal Rise.  (Docket entry 52-5, Ex.
D, Iyad Saleh Dep., 4.)  Iyad Saleh is also known as William Saleh.  (Id. at 2.)

upon a showing of good cause.'" Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009) (citations omitted) (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (internal quotation marks omitted)).  Whether good cause exists turns on the "diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).  "[T]he movant must show that the deadlines [could] not be reasonably met despite its diligence." Fahmy v. Duane Reade, Inc., 04 Civ. 1798 (DLC)(GWG), 2005 U.S. Dist. LEXIS 20929, at *10 (S.D.N.Y. Sept. 26, 2005) (quoting Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)).  While diligence is the primary consideration, it is not the only one.  The Court in exercising its discretion may consider other factors including prejudice. Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007).

Plaintiffs argue that they only discovered facts sufficient to allege that Iyad Saleh and Mercury were "employers" within the meaning of the FLSA on November 27, 2012, during Iyad's deposition.  (Docket entry 53, "Pls.' Mem." 6.)  Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  To determine whether an individual defendant is an employer within the meaning of the FLSA, the Court considers a variety of factors including whether the person "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." Leal v. Masonry Servs., 12-CV-588 (DLI)(VVP), 2013 U.S. Dist. LEXIS 19142, at *7 (E.D.N.Y. Feb. 12, 2013) (citing Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)).  "The regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time." Cano v. DPNY, Inc., 287 F.R.D. 251, 258 (S.D.N.Y. 2012) (quoting Zheng v. Liberty Apparel

3

Co., 355 F.3d 61, 66 (2d Cir. 2003)); see also 29 C.F.R. § 791.2 ("A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act . . . ."). The Court evaluates plaintiffs' claims as to each defendant below.

### A.  Iyad Saleh

Plaintiffs fail to demonstrate that the August 16, 2012 deadline to join Iyad could not have reasonably been met despite their diligence. Plaintiffs' first set of interrogatories asked defendants to identify the individual(s) "who authorized and/or effectuated payments to, and generated and maintained payroll records for" plaintiffs, "over[saw], manag[ed], and enforce[ed] Defendants' employment and compensation policies," and "generated and maintained time records and work schedules." (Docket entry 55, Defs.' Ex. H, ¶¶ 7-9.) On July 31, 2012,[3] defendants' response to these interrogatories identified "Iyad Saleh." (Id.) Thus, plaintiffs discovered facts sufficient to allege Iyad was an employer within the meaning of the FLSA on July 31, 2012, two weeks before the August 16, 2012 deadline.[4]

"[T]he good cause standard [of Rule 16] is not satisfied when the proposed amendment rests on information 'that the party knew or should have known, in advance of the deadline." Lamothe v. Town of Oyster Bay, 08 Civ. 2078 (ADS)(AKT), 2011 U.S. Dist. LEXIS 120843, at *16 (E.D.N.Y. Oct. 19, 2011) (citing Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ. 3749 (KMW)(DF), 2009 U.S. Dist. LEXIS 72659, at *24 (S.D.N.Y. Aug. 17, 2009)). Moreover,

---

[3] The Court notes that the referenced response to the interrogatories is not dated. However, as plaintiff does not contest the July 31, 2012 date defendants provide, the Court assumes this date is accurate for the purposes of this motion.

[4] Plaintiffs referred to their boss as William; thus, plaintiffs' counsel argues that they had no way of knowing Iyad's real identity until the deposition. However, whether Iyad was the same person as William, is separate and apart from whether plaintiffs had sufficient knowledge to allege Iyad was an employer before the August 16, 2012 deadline. Moreover, on June 1, 2012, defendants Rule 26 disclosures identified William Saleh as person likely to have discoverable information. (Docket entry 55, Defs.' Ex. G.) While this may not have been sufficient information to name William Saleh as a defendant, "it certainly should have piqued [plaintiffs'] curiosity. Had [plaintiffs] subsequently exercised reasonable diligence, [they] would have deposed [William Saleh] prior to the [August 16, 2012] deadline for the addition of further parties." Int'l Media Films, Inc. v. Lucas Entm't, Inc., 07 Civ. 1178 (JGK)(FM), 2008 U.S. Dist. LEXIS 121636, at *13-14 (S.D.N.Y. Mar. 20, 2008).

plaintiffs inexplicably did not seek leave to amend the complaint until January 9, 2012, more than five months after discovery had revealed Iyad as plaintiffs' employer and more than four months after the deadline for joinder had passed.  Plaintiffs fail to proffer any reason for this delay.  Accordingly, plaintiffs fail to show that they were diligent here.  See Int'l Media Films, Inc., 2008 U.S. Dist. LEXIS 121636, at *15-16 (finding lack of diligence where plaintiff moved to amend seven months after the joinder date and five months after discovery revealed defendant's role); see also Rent-A-Center, Inc., 215 F.R.D. at 104-05 (plaintiff failed to show diligence where it sought leave to file an amended complaint four months after the deadline). Plaintiffs' motion to amend the complaint to add defendant Iyad Saleh should therefore be denied as plaintiffs fail to demonstrate good cause to modify the Court's Order under Rule 16(b).[5]

## B.  Mercury Delivery Services

On the other hand, plaintiffs demonstrate good cause to modify the scheduling order to allow joinder of Mercury.  During his deposition, Iyad stated that baggers and delivery people like plaintiff Juan Eduardo Hernandez ("Juan") do not work for C-Town, but rather for Mercury, a company owned and operated by Iyad.  (Iyad Dep., 33:128-29.)  Mercury provides delivery and packaging services to C-Town and its offices are located in C-Town, though there is no Mercury sign on the building.  (Id. at 34:130-32.)  Mercury baggers and delivery people, like C-

---

[5] The Court credits plaintiffs' argument that defendant would suffer little prejudice if plaintiffs were permitted to amend the complaint to add Iyad.  Iyad has been participating in this litigation since the early stages; he submitted an affidavit as part of defendants' opposition to the motion to for certification of collective action in July 2012. (Docket entry 29.)  Furthermore, adding Iyad would not delay this action or require a further extension of the discovery deadline since plaintiffs have already taken Iyad's deposition (docket entry 52-5, "Iyad Dep."). Nonetheless, "[t]he absence of prejudice to the non-moving party [ ] is not alone sufficient to satisfy the good cause requirement of Rule 16(b)."  G Investors Holding LLC v. Lincoln Benefit Life Co., No. 09 Civ. 2980 (ALC)(KNF), 2012 U.S. Dist. LEXIS 140676, at *7 (S.D.N.Y. Sept. 25, 2012) (quoting Int'l Media Films, Inc., 2008 U.S. Dist. LEXIS, at *2); see also Shemendera v. First Niagara Bank N.A., 12-CV-00178 (S)(M), 2012 U.S. Dist. LEXIS 184090, at *4-5 (W.D.N.Y. Dec. 27, 2012) ("Kassner does not excuse the moving party from having to demonstrate diligence in order to show 'good case'" (collecting cases)); Estate of Ratcliffe v. Pradera Realty Co., No. 05 Civ. 10272 (JFK), 2007 U.S. Dist. LEXIS 78070, at *4 (S.D.N.Y. Oct. 19, 2007) (absence of prejudice does not fulfill the good cause requirement of Rule 16(b)).

Town employees, are hired by Iyad.  (Id. at 35:134-35.)  Mercury baggers bag groceries from C-Town in the C-Town supermarket for C-Town cashiers.  (Id. at 36:140.)  Mercury workers wear no special uniforms which differentiate them from other C-Town workers.  (Id. at 35:137.) When asked how the baggers and delivery personnel knew they worked for Mercury instead of C-Town, Iyad responded "[i]t's obvious" (Id. at 35:137) and because the vehicles are labeled Mercury Delivery Services (Id. at 36:138).  Defendants contend that since the delivery vans had Mercury's name on them, plaintiffs have always been aware of Mercury's involvement in C-Town.[6]  The Court is not persuaded.

Defendants have not produced any document to demonstrate that Juan was employed by Mercury rather than C-Town.  (See Iyad Dep., 20:75-77.)  Instead, just like the other two plaintiffs who worked for C-Town, Juan states he was hired by Iyad, his hours and pay were set by Iyad, and he was paid in cash with no pay stub.  (Iyad Dep., 14:50; docket entry 55, Ex. E, "Excerpt Juan Dep.", 41:110-11, 42:41, 43:51.)  Furthermore, when he worked as a bagger, Juan worked inside C-Town, "very close" to C-Town cashiers.   (Iyad Dep., 15:55; 36:140).  At other times, Juan delivered C-Town groceries with a cart or by van.  (Excerpt Juan Dep., 42:42). Juan's duties also extended beyond the packaging and delivery services provided by Mercury. Juan would "pick up the baskets when people finish shopping and pick up the shopping carts" and early every morning his first duty was "unloading the trucks;[7] vegetables, fruits, milk, other things."  (Id., 42:42, 43:49.)  Therefore, even though Juan was employed by Mercury, Iyad regularly directed him to complete tasks at C-Town beyond bagging and delivering groceries.

---

[6] Plaintiffs contest this fact; Juan testified that the vans did not have any writing on them. (Excerpt Juan Dep., 42:43-44.)  Nevertheless, even taking defendants' allegation as true, defendants cite no support for their argument that an employee should know that he is employed by a company simply because he occasionally drives or rides in a vehicle that bears the company's name.

[7] Undoubtedly these produce trucks also bore company names.  Accepting defendants' argument, Juan would have had reason to believe he was employed by these companies since he unloaded produce from their trucks on a daily basis.

Moreover, defendants' own employment practices treated C-Town and Mercury employees as coworkers rather than employees of separate corporate entities. Iyad testified that C-Town's employment policies state that an employee "cannot have an intimate relationship with a coworker." (Iyad Dep., 15:54.) Iyad further states that the relationship between co-plaintiff Amelia Hernandez, an employee of C-Town, and Juan, an employee of Mercury violated C-Town's policy prohibiting co-worker relationships. (Id. at 14:52-53, 15:54-56.) Thus, defendants themselves did not distinguish between Mercury and C-Town employees. Based on the instant record, the Court finds that Juan's belief that he was employed by C-Town was reasonable. (Docket entry 52-10, "Juan Aff.", ¶ 2; Excerpt Juan Dep., 42:41-42). The Court does not credit defendants' argument that plaintiffs knew or should have known that Juan was employed by Mercury.

Since plaintiffs only learned that Juan was technically employed by Mercury (as are other similarly situated employees) during Iyad's deposition on November 27, 2012, plaintiffs were sufficiently diligent when they requested leave to amend the complaint on January 9, 2013. Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) ("[F]iling a motion to amend within two months of acquiring the information is sufficient to show diligence.") Plaintiffs therefore demonstrate good cause under Rule 16(b) to modify the scheduling order to join Mercury as defendant herein.

## II.    FED. R. CIV. P. 15

Even though plaintiffs show good cause to amend the scheduling order as to Mercury, the Court must also evaluate whether amendment is proper under Fed. R. Civ. P. 15(a). Moore v. Publicis Groupe SA, 11 Civ. 1279 (ALC)(AJP), 2012 U.S. Dist. LEXIS 92675, at *15 (S.D.N.Y. June 28, 2012) ("After the moving party demonstrates diligence under Rule 16, the court applies the standard set forth in Rule 15 to determine whether the amendment is proper.") The Court

may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)).   "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).  Accordingly, "[t]he concepts of delay and undue prejudice are interrelated -- the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Davidowitz v. Patridge, 08 Civ. 6962 (NRB), 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. Apr. 23, 2010) (citing Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)).   To determine what constitutes prejudice, the Court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiffs from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

As discussed above, plaintiffs' motion for leave to file an amended complaint came less than two months after they learned of Mercury's role; therefore, there was no undue delay. "Plaintiffs are not guilty of repeated failure to cure deficiencies by previous amendments, since the information on which the present motion is based came into their possession only after they filed their first amended complaint." Sullivan v. W. N.Y. Residential, Inc., 01-CV-7847 (ILG), 2003 U.S. Dist. LEXIS 6498, at *4 (E.D.N.Y. Mar. 4, 2003); see also McLean v. CVS Pharm.,

Inc., No. 3:09 cv 345 (VLB), 2010 U.S. Dist. LEXIS 99934, at *9 (D. Conn. Sept. 21, 2010) ("Nor has [defendant] shown that Plaintiff repeatedly failed to cure deficiencies by amendments previously allowed to identify the proper [parties] to this action after having had a sufficient opportunity to conduct discovery."). Defendants proffer no evidence of bad faith or dilatory motive on the part of plaintiffs and the Court finds none.

Moreover, amendment does not unduly prejudice defendants. Mercury is owned and operated by Iyad and its employment and payroll records are kept and controlled by Iyad. (Iyad Dep. 9:31, 22:83-85.) Iyad's deposition is complete; therefore, there is no additional cost or need for delay with regards to the addition of Mercury. However, even if additional discovery is necessary, "the need to conduct additional discovery is not, in itself, sufficient to constitute prejudice. . . . The fact that discovery has ended does not alter this conclusion." Nycomed US, Inc. v. Glenmark Generics, Ltd., No. 08-CV-5023 (CBA)(RLM), 2010 U.S. Dist. LEXIS 29267, at *38 (E.D.N.Y. Mar. 26, 2010) (citations omitted) (internal quotation marks omitted). This holds even more force here as only pre-class certification discovery has closed in this matter. (Docket entry 21.) Furthermore, defendants have not demonstrated that adding Mercury as a defendant and any accompanying discovery that the joinder may require will delay resolution of this action. Defendants will not be unduly prejudiced by the proposed amendment and amendment is proper pursuant to Rule 15(a). The certification of this matter for collective action includes "delivery persons" and "grocery packers"; these workers shall be included in this collective action whether they are employed by C-Town or Mercury. (Docket entry 37, affirmed, docket entry 46.)

**CONCLUSION**

Accordingly, it is respectfully recommended that plaintiffs' motion to file a second amended complaint should be granted in part and denied and part.  Plaintiffs should be granted leave to amend the complaint to add defendant Mercury Delivery Services.  Plaintiffs' request to amend the complaint to add Iyad Saleh should be denied.  If adopted, plaintiffs shall immediately serve and file a second amended complaint that conforms with this Report and Recommendation and file proof of service on Mercury pursuant to Fed. R. Civ. P. 4(h).  Plaintiffs shall also immediately serve and file a revised notice and consent to join lawsuit form that adds Mercury and complies with the Court's January 3, 2013 Order.  (Docket entry 47.)

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period.  Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: April 19, 2013
        Brooklyn, New York