UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMELIA HERNANDEZ, EDITH HERNANDEZ
ROJAS, and JUAN EDUARDO HERNANDEZ,
individually and on behalf of other persons similarly
situated who were employed by IMMORTAL RISE,     **MEMORANDUM AND ORDER**
INC. d/b/a/ C-Town and/or AHMAD SALEH or any     11-CV-4360 (RRM) (LB)
other entities affiliated with or controlled by
IMMORTAL RISE, INC. and/or AHDMAD SALEH,

          Plaintiffs,

     - against -

IMMORTAL RISE, INC. d/b/a C-TOWN, AHMAD
SALEH, and/or any other entities affiliated with or
controlled by IMMORTAL RISE, INC. d/b/a C-Town
and/or AHMAD SALEH,

          Defendants.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      This Fair Labor Standards Act ("FLSA") action has a tortured procedural history. Pending before this Court is the Report and Recommendation of Magistrate Judge Lois Bloom (Doc. No. 59) ("R&R"), recommending that plaintiffs be allowed to file a Second Amended Complaint to add as a new defendant Mercury Delivery Service, Inc. ("Mercury"), but denying plaintiffs' request to add Iyad "William" Saleh as a defendant. However, following the issuance of Judge Bloom's R&R, but before Mercury was ever added as a party to this action, Mercury filed for bankruptcy protection in this district, and defendants Immortal Rise and Ahmad Saleh (together, "defendants") requested a stay of the instant action in light of Mercury's pending bankruptcy action. (*See* Doc. Nos. 60, 62, 64.)

      After a series of filings both here and in the Bankruptcy Court, Mercury purported to "remove" this action to the Bankruptcy Court to join an adversary proceeding filed by Mercury

wholly relating to the subject matter of the instant action. Ultimately, the bankruptcy judge (Stong, J.) dismissed the adversary proceeding, and "returned" the instant action to this Court.

Following this convoluted journey through two courts, the instant action is now ready to move forward here, and the next step is for this Court to address (i) the recommendations of Judge Bloom pending without objection, and (ii) defendants' request for a stay of the instant action.

For the reasons that follow, this Court 1) denies plaintiffs' motion to add Iyed "William" Saleh as a defendant as recommended by Judge Bloom; 2) denies plaintiffs' motion to add Mercury as a defendant, a necessary modification of Judge Bloom's recommendation as a result of Mercury's bankruptcy filing, which arose after Judge Bloom issued her report; and 3) denies defendants' request for a stay.

## BACKGROUND

**I. Plaintiffs' Motion for Leave to File a Proposed Second Amended Complaint**

On September 9, 2011, plaintiffs commenced this action against former defendants Enjoy Food Corp. d/b/a C-Town and Maxwell Bristol, alleging violations of the FLSA, 29 U.S.C. § 201 *et seq.*, and New York Labor Law.[1] (Doc. No. 1.)

On January 16, 2012, plaintiffs filed a First Amended Complaint, removing Bristol, and adding defendants Ahmad Saleh and Immortal Rise, Inc. d/b/a C-Town ("Immortal Rise"). (Doc. No. 12.) On May 31, 2012, Judge Bloom issued an order approving the parties' joint proposed Rule 26(f) schedule, which provides that no additional parties may be joined after August 16, 2012 without the Court's leave. (May 31, 2012 Order.)

---

[1] Plaintiffs voluntarily dismissed their claims against Enjoy Food Corp. on May 21, 2012. (Doc. No. 22.)

2

On September 24, 2012, Judge Bloom issued a Memorandum and Order, pursuant to a referral from the Court, granting plaintiffs' motion for conditional certification of a collective action. (Sept. 24, 2012 Order (Doc. No. 37).) On December 27, 2012, the Court denied defendants' request to set aside the September 24, 2012 Order.

Against this backdrop, on January 9, 2013, plaintiffs sought leave by letter request to file a Second Amended Complaint naming additional defendants Mercury and Iyad "William" Saleh. (Doc. No. 48.) By letter dated January 11, 2013, defendants opposed the addition of these new defendants, and in addition, requested that the Court stay publication of the collective action notice until it resolved plaintiffs' motion to amend. (Doc. No. 49.) On January 14, 2013, Judge Bloom granted defendants' request to stay publication of the collective action notice, but ordered that discovery continue. (January 14, 2013 Order.) On January 22, 2013, plaintiffs formally moved for leave to file the Proposed Second Amended Complaint. That motion was referred to Judge Bloom.

On April 19, 2013, Judge Bloom issued her R&R, recommending that the Court deny plaintiffs' request to add Iyad Saleh as a defendant but grant plaintiffs' request to add Mercury as a defendant. Judge Bloom reasoned that although plaintiffs failed to show good cause to modify the May 31, 2012 Order as to Iyad Saleh, they did show good cause to modify that order as to Mercury. Judge Bloom reminded the parties that pursuant to Fed. R. Civ. P. 72(b), any objections were due within fourteen days of service of the R&R. No party filed an objection. To date, this Court has not adopted or rejected the R&R because of the ensuing events both in the Bankruptcy Court, and here, as described below.

## II. Plaintiffs' Motion to Strike Mercury's "Notice of Removal," and Defendants' Request for a Stay

On May 13, 2013, while the R&R was still pending (and, therefore, the First Amended Complaint remained the operative complaint), Mercury, which has never been a party to this case, petitioned for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Eastern District of New York. *See In re Mercury Delivery Service, Inc.*, No. 13-42796 (E.D.N.Y. Bankr. 2013). On May 15, 2013, Joseph Labuda, counsel for defendants Immortal Rise and Ahmad Saleh in the instant action, filed a letter with this Court, in which he purported also to represent "defendant" Mercury in the instant case. (Doc. No. 60.)[2] In his letter, Labuda asserted that Mercury's bankruptcy petition subjected the instant action to an automatic stay pursuant to 11 U.S.C. § 362. On May 28, 2013, plaintiffs responded that Mercury's bankruptcy petition provided no basis to stay the instant action as against defendants Immortal Rise and Ahmad Saleh. (Doc. No. 61.)[3]

On June 4, 2013, Labuda responded that "Mercury's Bankruptcy Counsel will be filing a motion for a stay for all parties in the instant action in bankruptcy court," and that the question of whether to broaden that stay to encompass non-debtor "co-defendants" Immortal Rise and Ahmad Saleh was "committed to the discretion of the bankruptcy court." (Doc. No. 62.) On June 7, 2013, plaintiffs filed a letter disputing this position. (Doc. No. 63.)

On June 17, 2013, Mercury commenced an adversary proceeding in the Bankruptcy Court by filing a so-captioned "Notice of Removal," purporting to remove the instant FLSA

---

[2] Labuda is not Mercury's bankruptcy counsel; rather, Gary C. Fischoff of Berger, Fischoff & Shumer, LLP, represents Mercury in the Bankruptcy Court.

[3] Like Labuda, plaintiffs incorrectly referred to Mercury as a "recently added Defendant" in the instant action. (Doc. No. 61.)

action to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1452(a) and Bankruptcy Rule 9027(a). ("Notice of Removal" (Doc. No. 64); *see Hernandez et al. v. Immortal Rise et al.*, No. 13-AP-01215 (E.D.N.Y. Bankr. 2013).)[4] In this document, Mercury represented – *incorrectly* – to the Bankruptcy Court that it was "the defendant" in the instant action. ("Notice of Removal" at 2.) Mercury also appended the Proposed Second Amended Complaint without explaining that the First Amended Complaint was, in fact, the operative pleading in the instant action.

On July 2, 2013, plaintiffs moved both this Court and the Bankruptcy Court to strike the "Notice of Removal." (Doc. No. 65.) The next day, defendants filed a letter asserting that because the instant case "has been removed," the Bankruptcy Court was the appropriate forum for plaintiffs' motion, and, accordingly, defendants "do not plan to respond" to plaintiffs' motion in this Court unless the Court so directs. (Doc. No. 67.) Plaintiffs did not respond to defendants' letter.

On September 17, 2013, the Honorable Elizabeth S. Stong of the United States Bankruptcy Court for the Eastern District of New York held a hearing on plaintiffs' motion and adjourned the matter. On November 12, 2013, Mercury filed opposition papers in the Bankruptcy Court. Judge Stong held a hearing on the motion on December 11, 2013.

On December 17, 2013, Judge Stong issued an order granting plaintiffs' motion, dismissing the adversary proceeding, and "returning" the matter to this Court. (*Hernandez*, No. 13-AP-01215 (Doc. No. 18).) Judge Stong concluded that Mercury was not entitled to remove the instant action to Bankruptcy Court because (1) the action did not originate in state court, as 28 U.S.C. § 1441(a) requires for removal; (2) Mercury is not a party to the instant case, as 28

---

[4] Curiously, Immortal Rise and Ahmad Saleh appeared *pro se* in the adversary proceeding. Labuda did not appear.

5

U.S.C. §§ 1446 and 1452 require for removal; (3) 28 U.S.C. § 1452 does not provide for removing an action from a district court to a bankruptcy court in the same district; and (4) the proper procedure for transferring an action from a district court to its bankruptcy court is for a party to the district court action to request that the district judge refer the matter to the bankruptcy court.

On January 6, 2014, the Clerk of the Bankruptcy Court "returned" the matter to this Court pursuant to Judge Stong's Order.  (Doc. No. 21.)

## DISCUSSION

### I.   Plaintiffs Cannot File the Proposed Second Amended Complaint

Inasmuch as the Bankruptcy Court struck Mercury's "Notice of Removal," dismissed the adversary proceeding, and "returned" the matter to this Court, this Court must pick up where it left off:  with a pending R&R from Judge Bloom recommending that a Second Amended Complaint be filed.  No objections have been filed thereto.  As such, the Court has reviewed the R&R for clear error, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, and in light of the events in the Bankruptcy Court that took place following the issuance of the R&R.  If not for Mercury's supervening bankruptcy petition, the Court would adopt the R&R in its entirety.  That bankruptcy petition, however, prevents plaintiffs from adding Mercury as a defendant at this juncture.  *See* 11 U.S.C. § 362 (providing for automatic stay of "the commencement or continuation" of an action "against the debtor that was or could have been commenced before the commencement of the [bankruptcy action], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy action]"); *Millard v. Developmental Disabilities Institute, Inc.*, 266 B.R. 42, 43 (E.D.N.Y. 2001) ("[Debtor-defendant] has filed a petition in bankruptcy and this [FLSA] case has therefore been stayed as to this [debtor-defendant]."). The

Court, therefore, adopts the R&R in part, to the extent Judge Bloom recommends denying leave to add Iyad Saleh as a defendant; modifies the R&R insofar as it concerns Mercury, in light of the pending Bankruptcy proceeding; and thus denies leave to add Mercury as a defendant. Accordingly, plaintiffs' motion for leave to file the Proposed Second Amended Complaint is denied in its entirety.

## II. Defendants are Not Entitled to a Stay

11 U.S.C. § 362(a)(1) provides that, except in circumstances not relevant here, a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before" the bankruptcy petition. 11 U.S.C. § 362(a)(1) (emphasis in original). "The purpose of the [a]utomatic [s]tay is to allow the debtor to focus all attention on reorganization efforts without the distraction of having to defend against outside litigation." *Millard*, 266 B.R. at 44 (declining to extend stay of FLSA action to non-debtor defendants). "[E]xtensions of the stay to protect non-debtor parties are the exception, not the rule, and are generally not favored." *In re FPSDA I, LLC*, Nos. 10 BR 75439, 12 AP 08032, 2012 WL 6681794, at *8 (E.D.N.Y. Bankr. Dec. 26, 2012).

Nevertheless, a court has "discretion" to extend a stay to non-debtor co-defendants where appropriate. *Millard*, 266 B.R. at 44 (citing 11 U.S.C. § 105(a) (allowing court to "issue any order . . . that is necessary or appropriate to carry out the provisions of" the Bankruptcy code)). For example, a court may extend a stay to a non-debtor co-defendant when (a) "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," *In re FPSDA I*, at *7 (internal quotation marks omitted); (b) the debtor has guaranteed the non-debtor's obligation, *Queenie, Ltd. v. Nygard Intern.*, 321 F.3d 282, 288 (2d Cir. 2003); or

7

(c) "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant," *id*. (declining to extend stay for appellant-debtor and his wholly-owned corporation to non-debtor co-appellants). A court considering whether to exercise such discretion should consider factors including (1) whether ongoing outside litigation "would so distract individuals important to the reorganization process as to impede the reorganization effort"; (2) whether extending the stay would cause the plaintiff hardship by giving unwarranted immunity to a solvent co-defendant; (3) whether a recovery "would so reduce the debtor's limited insurance fund as to affect the property of the estate"; and
(4) whether the non-debtor co-defendant is independently liable to the plaintiff. *Millard*, 266 B.R. at 45.

However, a stay "should not be extended where the non-debtor is independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty." *In re FPSDA I,* 2012 WL 6681794, at *8 (internal quotation marks omitted) (denying debtors' motion to enjoin FLSA plaintiff from pursuing her case against non-debtor co-defendants). More specifically, "[c]ourts have declined to extend a bankruptcy stay to co-defendants in . . . []joint employment[]" cases under the FLSA. *Diaz v. Scores Holding Co., Inc.*, No. 07 CV 8718, 2008 U.S. Dist. LEXIS 38248, at *10 (S.D.N.Y. May 9, 2008); *see Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) ("Here, the plaintiffs allege that the Proposed Defendants are joint employers and, therefore, are jointly and severally liable . . . for violations of the FLSA . . . . Accordingly, the automatic stay in [debtor co-defendant's] bankruptcy case would not extend to the Proposed Defendants.").

"[I]n keeping with the principle that extending the stay to non-debtors is extraordinary relief, the party seeking extension of the stay must put forth real evidence demonstrating an

8

actual impact upon, or threat to, the [debtor's] reorganization efforts if the stay is not extended." *In re FPSDA I,* 2012 WL 6681794, at *8; *Gray v. Hirsch*, 230 B.R. 239 (S.D.N.Y. 1999) ("[I]n the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant.") (quoting *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 34 (S.D.N.Y. 1990)). It is insufficient "for the movant to show some limited risk, or that there is a theoretical threat to the reorganization, because it is always the case that a lawsuit . . . *could* have *some* effect on the reorganization." *In re FPSDA I,* 2012 WL 6681794, at *8 (emphases on original).

Before the Bankruptcy Court "returned" the action to this Court, defendants argued that they were entitled to a stay of the instant action because a finding against them would have "immediate adverse economic consequences" for "defendant" Mercury's bankruptcy. (Doc. No. 62 (internal quotation marks omitted).) As an initial matter, it is unclear whether, in light of Judge Stong's order, defendants persist in requesting a stay. Although that order expressly controverts an assertion on which defendants predicated their stay request – namely, that Mercury is a party to the instant action – defendants have made no supplemental argument that a *non-party* debtor's bankruptcy might entitle them to a stay.

In any event, defendants' request fails because they provide no "real evidence demonstrating an actual impact upon, or threat to, [Mercury's] reorganization efforts if the stay is not extended." *In re FPSDA I,* 2012 WL 6681794, at *8. Rather, they cite plaintiffs' allegation in the Proposed Second Amended Complaint that defendants, together with Mercury and Iyad Saleh, were plaintiffs' joint employers. The Proposed Second Amended Complaint, however, is not the operative pleading in this action, and even if it were, a joint employment action does not warrant the extraordinary remedy of extending a bankruptcy stay to non-debtors. *See Diaz*, 2008

U.S. Dist. LEXIS 38248, at *10; *Cano*, 287 F.R.D. at 262. Accordingly, defendants' motion for a stay is denied.

## CONCLUSION

Plaintiffs' motion to strike Mercury's "Notice of Removal" is moot, plaintiffs' motion for leave to file the Proposed Second Amended Complaint is denied in its entirety, and defendants' motion for a stay is denied.

This action is recommitted to Judge Bloom for all further pre-trial proceedings, including distribution of the notice of collective action as she deems appropriate, further discovery, and settlement discussions if warranted.

SO ORDERED.

Dated: Brooklyn, New York
      March 13, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge